IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

JONATHAN BLANTON,       \*

    PLAINTIFF,         \*          CIVIL ACTION FILE NO.

                               4:15-cv-59 (CDL)

        v.              \*

GRAND OAKS PROPERTIES, INC., \*       Jury Trial Demanded
BAXTER EDWARDS, individually,

                         \*

    DEFENDANTS.

## **COMPLAINT**

### INTRODUCTION

COMES NOW Plaintiff in the above styled matter and files this Complaint for damages, and in support of this Complaint shows the Court as follows, to wit:

### SUMMARY OF ACTION

1.

This is an action for damages against Defendants arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA").

### JURISDICTION

2.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 in that it involves a Federal question arising under the laws of the United States.

PARTIES

3.

Plaintiff in this case is a citizen of the United States and the State of Alabama.

4.

Corporate Defendant, GRAND OAKS PROPERTIES, INC. is a domestic corporation. Its registered office is located at 5001 Sears Court, Columbus, Georgia 31907.  Defendants maintain a place of business in Columbus, Muscogee County, Middle District, Georgia, where most all of the events relevant to the instant action occurred. Both Corporate and individual Defendants may be served with process at the office of their registered agent for service of process: GRAND OAKS PROPERTIES, INC., hereinafter "Grand Oaks" or "corporate Defendant", c/o Registered Agent, BAXTER EDWARDS, 5001 Sears Court, Columbus, Georgia 31907.

5.

Defendant Baxter Edwards, hereafter "Edwards", may be personally served as set forth, supra.

VENUE

6.

Venue in this case is proper under 28 U.S.C. § 1391(b) in that the Corporate

Defendant maintains plant facilities and conducts business in this judicial district and/or a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## ADMINISTRATIVE REQUIREMENTS

### 7.

Because this is an action for unpaid wages and overtime under the FLSA, there are no administrative requirements to exhaust before the filing of the instant action.

## FACTS

### 8.

Plaintiff was employed by Defendants in a non-exempt position, and was paid at the regular hourly rate of $9.38 for all non-overtime hours from the relevant actionable period in July, 2013 until April, 2014 when he was terminated.

### 9.

Based on Plaintiff's regular hourly rate, his overtime rate from 2013 until April, 2014, at time and a half, was $14.07; this is because Plaintiff's half time premium rate for that period was $4.69

10.

Defendants did not pay Plaintiff the lawful rate of one and one half times his regular rate for all the overtime hours that he worked, and Plaintiff worked an average of no less than twenty hours per week extra due to workload.

11.

Plaintiff was employed by Defendants from July 13, 2013 until April 14, 2014. This makes a total of 39.4 weeks in Defendants' employ, rounded down.

12.

At all times relevant to this suit, Plaintiff has been an "employee" of GRAND OAKS as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

13.

At all times material hereto, Plaintiff has been "engaged in commerce" as an employee of GRAND OAKS as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

14.

At all times material hereto, GRAND OAKS has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

15.

At all times material hereto, GRAND OAKS was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

16.

During 2012, GRAND OAKS had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2013, GRAND OAKS had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

During 2012, GRAND OAKS had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2013, GRAND OAKS had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2012, GRAND OAKS had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2013, GRAND OAKS had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2014 GRAND OAKS had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which  are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

During Plaintiff's employment with Defendants, GRAND OAKS had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

At all times material hereto, GRAND OAKS was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

25.

GRAND OAKS is subject to the personal jurisdiction of this Court.

26.

Defendant Baxter Edwards resides within Muscogee County, Georgia and is President of Grand Oaks Properties, Inc.  Edwards sets the policies and procedures regarding employee compensation, and is responsible for the misclassification of hourly/non-exempt employees such that neither he, nor his company, will have to pay overtime that is otherwise required and authorized pursuant to law.  He is an employer as defined by the FLSA.

27.

At all times material hereto, Edwards exercised operational control over the work activities of Plaintiff.

28.

At all times material hereto, Edwards was involved in the day to day operation of GRAND OAKS.

29.

At all times material hereto, GRAND OAKS vested Edwards with supervisory authority over Plaintiff.

30.

At all times material hereto, Edwards exercised supervisory authority over Plaintiff.

31.

At all times material hereto, Edwards scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

32.

At all times material hereto, Edwards exercised authority and supervision over Plaintiff's compensation.

33.

At all times material hereto, Edwards has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

34.

Edwards is subject to the personal jurisdiction of this Court.

35.

At all times material hereto, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

36.

At all times material hereto, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 U.S.C. § 213 (a).

37.

At all times material hereto, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 U.S.C. § 213 (a).

38.

At all times material hereto, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 U.S.C. § 213 (a).

39.

At all times material hereto, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 U.S.C. § 213 (a).

THEORIES OF RECOVERY

COUNT I — FAILURE TO PAY OVERTIME

40.

Plaintiff was employed by Defendants from July 13, 2013 until on or about April 14, 2014. This makes a total of 39.4 weeks in Defendants' employ, rounded down.

41.

During the course of Plaintiff's employment with Defendants he was paid a salary of $375 per week in straight time. As a result, his total pay was for his period of employment was $14,775.00.  However, this remuneration did not contemplate the overtime that he worked, as set out herein below.

42.

Plaintiff normally worked 48 hours scheduled daily Monday through Saturday during the entire period of his employment with Defendants for the $375 "salary". Plaintiff would normally accrue no less than 12 more hours per week of overtime for which he was not compensated and would miss his lunch hour an average of two days per week. Plaintiff was expected to arrive by 8:00 AM or before, and would usually not leave from work until well after 7:00 PM, his theoretical time to get off work.  Many times Plaintiff would work through his lunch hour at the insistence of Defendant Edwards.

43.

Plaintiff was a non-exempt hourly worker, yet he was not compensated for the 22 hours per week of overtime for which he worked while in Defendants' employ.

44.

Plaintiff made a total of $375 per week without considering any over time. Plaintiff worked approximately 39.4 weeks per year for that sum.

45.

Dividing that $375/wk. by 40 hours in a work week, it can be determined that Plaintiff's base pay was $9.38/hour.  This is the rate that he should have been paid for a 40 hour work week, and it is expressed as follows:

$375 a week / 40 hours a week = $9.38/hr.

46.

Because Defendants misclassified Plaintiff as a salaried, exempt employee, when, in fact, he was actually an hourly, non-exempt employee, Plaintiff was entitled to overtime compensation at an amount that is one and one/half (1 ½) times his normal hourly rate.  This is expressed as follows:

$9.38/hr. x 1.5 = $14.07/hr. for overtime hours.

47.

As set out above and rounding down, Plaintiff was in Defendants' employ for 39.4 weeks. During each of those 39.4 weeks he worked at least 22 hours of overtime for which he was not compensated at the legally mandated rate of 1.5 times his normal hourly wage.

48.

Because he was a non-exempt, hourly employee and not properly an exempt, salaried employee, Plaintiff should have been compensated for the 22 hours of overtime he worked each week at the rate of $14.07/per hour for the 39.4 weeks he worked for Defendants. This is expressed as follows:

22 hrs. per wk. x $14.07 per hr. x 39.4 wks.= $12,195.88 in unpaid overtime.

49.

As a result of Defendants' failure to properly pay Plaintiff his overtime wages in accordance with the law, Plaintiff is entitled to liquidated damages under the FLSA, said liquidated damages being equal to the amount of the unpaid overtime wages due and owing, in addition to the unpaid overtime wages. This is expressed as follows:

$12,195.88 x 2 (Liq. Dam. multiplier under FLSA) = $24,391.75.

50.

Plaintiff is also entitled to attorney's fees and costs under the FLSA, which are an amount to be determined as litigation progresses.

51.

Plaintiff's job description while in the employ of Defendants was 'maintenance worker'.

52.

Plaintiff's job duties on a normal business day consisted of, inter alia: property unit repairs of facilities, cleaning drains, thawing and repairing frozen pipes, cutting grass, electrical work, debris removal and general labor.

53.

None of Plaintiff's duties with Defendants bring him within the ambit of a recognized legal exemption to the requirement that he be paid minimum wage and overtime; therefore by failing to pay Plaintiff for overtime that he worked, Defendants are in violation of the FLSA. Plaintiff is entitled to his litigation costs, including reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

Count II

Attorney's Fees and Expenses

Plaintiff incorporates by reference the allegations contained in the above

paragraphs as if fully stated herein.

54.

Plaintiff is entitled to the costs and expenses associated with bringing and prosecuting this action, to include attorney's fees, pursuant to applicable law as contained within, and applicable to, the statutory causes of action contained herein above.

PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays as follows:

a) that Summons issue and Defendants be served as by law provided;

b) that Plaintiff be awarded judgment in his favor with respect to all contentions in his Complaint;

c) that Plaintiff be awarded actual and liquidated damages as proven at trial;

d) that Plaintiff be awarded reasonable attorney's fees and expenses of litigation;

e) that all issues triable by jury be tried by a jury;

f) that all costs of this action be taxed to Defendants; and

g) for such other and further relief as unto this Court may seem just and equitable in the premises.

This 17th day of April, 2015.

*/s/ John W. Roper*
John W. Roper

The Roper Law Firm
5353 Veterans Parkway, Suite D
Columbus, Georgia 31904
(706) 596-5353
johnroper@roperlaw.com
Georgia Bar No:  614159

## VERIFICATION

**PERSONALLY APPEARED** before the undersigned officer authorized to administer oaths in and for said County and State, the undersigned party litigant, who being duly sworn and put to oath, does depose and say that the allegations made in the above foregoing pleading are true and correct to the best of the party's knowledge and belief.

This ___17ᵗʰ___ day of ___April___ 20_15_.

_____
JONATHAN BLANTON

Sworn to and subscribed before me
this _17ᵗʰ_ day of _April_ 20_15_.

_____
**Notary Public, State of Georgia**
My commission expires: 2-11-2018